EDGAR F. BAIN, *vs.* RHODE ISLAND COMPANY.

JULY 5, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Master and Servant. Assumption of Obvious Risk.*

Declaration alleged that plaintiff was employed as a repair man working in a pit connected by a passageway six feet wide, with a second pit; that said passageway was covered by a removable floor, one of the planks of which was defective in that it was warped, so that if one corner was depressed the diagonal corner would rise, and when the pressure was removed the plank would regain its normal position by its own weight; which defect was unknown to plaintiff; that in the course of his employment he placed a "bearing" on the defective plank, and a fellow-servant stepped upon the opposite corner of the plank, raising the plank, and throwing the "bearing" upon plaintiff, injuring him:—

*Held,* that plaintiff for his own convenience placed the "bearing" in a passageway, and on a removable flooring made to walk upon and not designed to be used as a shelf;

*Held,* further, that, from his nearness to the plank, his opportunity for observation of its condition was perfect, and its condition must have been seen, had he looked at it; and from the simplicity of its construction, plaintiff assumed the risk of its obvious imperfections.

TRESPASS ON THE CASE for negligence. Heard on exceptions of plaintiff, and overruled.

BLODGETT, J. This cause is before the court upon the plaintiff's exceptions to the decision of the Superior Court

sustaining a demurrer to the following sole count in the declaration, viz.: "For that whereas heretofore, to wit, at said Providence, on, to wit, the second day of October, 1909, and for a long time prior thereto the defendant was a common carrier engaged in carrying passengers for hire in cars propelled by electricity; and the said defendant then and there owned, possessed and controlled certain cars and a car house, so-called, on Elmwood Avenue in the City of Providence in said county, and in said car house was a pit room, so-called, with car tracks running parallel with each other and level with the floor of said car house; that between the rails of said tracks in certain places were open spaces or pits, in one of which pits was a hydraulic pump or lift so arranged that motors and other parts of defendant's cars could be lowered into said pit by means of said hydraulic pump; that near said hydraulic pump and between two of said pits was a falls and tackle for the purpose of removing wheels, axles, &c., from said cars; and for convenient handling of falls and tackle the two pits on either side thereof were connected by an open space or passage about six feet wide; that said open space when not in use was covered by certain planks or boards lying side by side parallel with said tracks and resting unfastened on supports so as to form a removable floor or cover for said open space between said pits. And on, to wit, said second day of October, 1909, plaintiff was in the employ of said defendant in said car house as repair man, and in the course of his said employment he was instructed by said defendant to work upon certain motors, bearings and other parts of cars near said removable floor or cover.

"And it thereupon became and was the duty of the defendant to provide a reasonably safe place for the plaintiff to work so that plaintiff might not be exposed to any unreasonable or unnecessary danger to life or limb in the course of his said employment; yet the said defendant not regarding its duty in this behalf did not provide a reasonably safe place for the plaintiff to work, but violated its duty in this: that the plank or board in said removable floor or cover, lying nearest to said

hydraulic pump was dangerous and defective because it was warped or twisted throughout its length, so that if one corner thereof was depressed the corner thereof diagonally opposite would rise for a distance of, to wit, two inches, and when said pressure was removed said plank would regain its normal position by its own weight.   And plaintiff says that he did not know that said plank was warped or twisted or defective or dangerous, but that the defendant knew, or by the exercise of reasonable care and diligence might have known that said plank was warped, twisted, defective and dangerous.

"And the plaintiff says that on, to wit, said second day of October, 1909, he was at work in the pit near said hydraulic pump; that said open space between the pits was covered over with said removable floor or cover and said plaintiff was standing by said removable floor or cover cleaning a part of a car, to wit, a bearing, in the course of his said employment; that plaintiff placed said bearing on said defective plank in said removable floor or cover, although plaintiff did not then know that said plank was defective, and while plaintiff was standing near said bearing in the course of his said employment, a co-employee, or fellow-servant, of plaintiff, came walking towards plaintiff from behind, in the course of said fellow-servant's employment, and in passing over said removable floor or cover, said fellow-servant stepped upon a corner of said defective plank at the opposite end from which plaintiff had placed said bearing, whereupon the end of said plank on which said bearing rested was thereby suddenly raised, and said bearing, weighing, to wit, ten pounds, was thereby thrown down into said pit, striking plaintiff on his right foot with great force and violence, and in consequence thereof said plaintiff was hurt, bruised, wounded and injured," etc.

(1)     We are of the opinion that the demurrer was properly sustained.   It appears that the plaintiff, for his own convenience, placed the bearing in a passageway and upon a removable and temporary flooring which it appears was make to walk upon and was not designed or constructed to be used as a shelf or other place of storage.

Nor is any reason given for the plaintiff's failure to discover that the plank was twisted, and, although he avers he was in the exercise of due care, it is evident that he must have seen its condition if he had looked at it.

In *Baumler* v. *Narragansett Brewing Co.*, 23 R. I. 430, 435, it is said by this court: "When it is apparent, from the facts stated in a case of this sort, that if the plaintiff had used his senses he must have known of the danger complained of, no allegations which he may incorporate in his declaration as to lack of knowledge, lack of warning or duty of the master will be allowed to overcome and rebut said facts and render the declaration sustainable. Such a declaration is inconsistent and therefore demurrable." And see *Donahoe* v. *Lonsdale Co.*, 25 R. I. 187.

Here it is distinctly averred that the planks were removable in order to permit the passage of certain implements and machines connected with the repair work. Being a repair man working in a pit connected by a passageway only six feet wide with a second pit, and so near to the plank in question as to be within arm's reach of it when placing the bearing upon it, it is clear that his opportunity for observation of its condition was unimpeded and perfect, and that its twisted condition must have been seen had he looked at it, and that it was so simple in its construction as to bring the plaintiff within the rule, as to the assumption of the risk of so using such a plank as a place of storage for a heavy weight, which is laid down in *Sheridan* v. *Gorham Mfg. Co.*, 28 R. I. 256, and that he can not recover. He, however, chose to assume the risk of placing the bearing in this improper place, where it was liable to be upset or one might stumble upon it, rather than to place it upon the ground or other suitable resting place.

Plaintiff's exceptions overruled, and case remitted to the Superior Court for further proceedings.

*Thomas A. Carroll, Walter P. Suesman*, for plaintiff.
*Joseph C. Sweeney, G. Frederick Frost*, for defendant.